**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 23-4635**

————————————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

WILBER GUADALUPE BALDENEBRO MEDINA, a/k/a Negro,

　　　　　Defendant - Appellant.

————————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00245-RJC-DCK-2)

————————————

Submitted:  November 19, 2024　　　　　　　Decided:  November 21, 2024

————————————

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

**ON BRIEF:** H. Justin Pace, H. JUSTIN PACE, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilber Guadalupe Baldenebro Medina pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and aiding and abetting in the distribution of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. The district court sentenced him to 180 months in prison. On appeal, counsel for Baldenebro Medina has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but suggesting that defense counsel rendered constitutionally deficient performance. Baldenebro Medina has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

Counsel suggests that Baldenebro Medina received constitutionally ineffective assistance of counsel for various reasons, including counsel not providing Baldenebro Medina with discovery materials or with Spanish translations of documents, and failing to argue at sentencing for application of the safety-valve. Unless "an attorney's ineffectiveness conclusively appears on the face of the record," however, such claims are not cognizable on direct appeal. *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted); *see United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020) (declining to consider claim on direct appeal where the "record fail[ed] to conclusively show ineffective assistance" (internal quotation marks omitted)). Because the record does not conclusively establish that counsel rendered ineffective assistance, we decline to address these claims on direct appeal. Thus, Baldenebro Medina's claims are

2

more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion.  *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006).  We express no opinion as to the merits of Baldenebro Medina's ineffective assistance of counsel claims.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Baldenebro Medina, in writing, of the right to petition the Supreme Court of the United States for further review.  If Baldenebro Medina requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Baldenebro Medina.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*